```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ROBERT C. PIERSON III and**
**VICKI L. PIERSON, individually**
**and as Trustees of the**
**RED HAWK TRUST,**

    **Plaintiffs,**

  **v.**                                           **CIVIL NO. 1:24-CV-43**
                                                      **(KLEEH)**

**MOUNTAIN VALLEY PIPELINE, LLC,**
**EQM GATHERING OPCO, LLC,**
**COATES FIELD SERVICE, INC.,**
**REGAL COAL COMPANY, INC.,**
**COMPASS LAND SERVICES, INC., and**
**VIRGIL D. LAROSA,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO REMAND [ECF NO. 17]

Pending before the Court is a motion to remand. For the reasons discussed herein, the Court **GRANTS** the motion.

### I.   PROCEDURAL HISTORY

On March 27, 2024, the Plaintiffs, Robert C. Pierson III and Vicki L. Pierson, individually and as Trustees of the Red Hawk Trust (together, "Plaintiffs"), filed this action in the Circuit Court of Braxton County, West Virginia, against the Defendants, Mountain Valley Pipeline, LLC ("MVP"), EQM Gathering Opco, LLC ("EQM"), Coates Field Service, Inc. ("Coates"), Regal Coal Company, Inc. ("Regal Coal"), and Virgil D. LaRosa ("LaRosa").

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO REMAND [ECF NO. 17]**

See ECF No. 1-2. On April 26, 2024, MVP and EQM removed the action to this Court, citing diversity jurisdiction and arguing that non-diverse parties Regal Coal and LaRosa were fraudulently joined. See ECF No. 1. In the notice of removal, MVP and EQM indicate that all defendants consented to the removal. Id. at ¶ 50. On May 20, 2024, Plaintiffs filed a motion to remand. See ECF No. 17. The motion is fully briefed and ripe for review. On November 19, 2024, the Court granted an unopposed motion to amend the complaint. See ECF No. 43. The amended complaint added Compass Land Services, Inc. ("Compass") as a defendant. See ECF No. 44.

## II.  GOVERNING LAW

"The doctrine of fraudulent joinder permits a federal court to 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" Boss v. Nissan N. Am., Inc., 228 F. App'x 331, 334-35 (4th Cir. 2007) (citation omitted). To establish fraudulent joinder, the removing defendant "must show that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant,'" which means that courts must decide whether there is a "reasonable basis for predicting that state law might impose liability on the facts involved[.]" Id. at 335 (citations omitted).

# MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO REMAND [ECF NO. 17]

"[T]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Johnson v. Am. Towers, LLC, 781 F.3d 693, 704 (4th Cir. 2015) (citation omitted). It requires a showing not of ultimate success on the merits of the claim, but only of a "possibility of a right to relief" against the non-diverse defendant. Id. (citation omitted). "Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Hartley v. CSX Transp., Inc., 187 F.3d 422, 425-26 (4th Cir. 1999) (noting that the court "cannot predict with certainty how a state court and state jury would resolve the legal issues and weigh the factual evidence" but that "ultimate success is not required to defeat removal").

"[F]raudulent joinder is typically only found in cases of legal impossibility[.]" Flores v. Ethicon, Inc., 563 F. App'x 266, 269 (4th Cir. 2014) (unpublished). "In deciding whether the plaintiff has any chance of recovery against the defendant, the court is not bound by the allegations of the pleadings, but may instead consider the entire record." Boss, 228 F. App'x 331, at *3 (quotation marks and citations omitted). West Virginia is a notice pleading state, requiring only "a succinct complaint containing a plain statement of the nature of the claim together with a demand for judgment." Syl. Pt. 2, Barker v. Traders Bank,

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO REMAND [ECF NO. 17]**

166 S.E.2d 331 (W. Va. 1969). Rule 8 of the West Virginia Rules of Civil Procedure "eschews technical, hyper-specific pleading and only requires a pleader to provide notice by way of a 'short and plain statement of the claim' that is 'simple, concise and direct.'" Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va., 854 S.E.2d 870, 886 (W. Va. 2020).

### III. FACTUAL BACKGROUND

The Red Hawk Trust owns a 144-acre parcel of property (the "Property") located in the Salt Lick District of Braxton County, West Virginia. Am. Compl., ECF No. 44, at ¶ 1. Robert C. Pierson III is a resident of West Virginia and Co-Trustee of the Red Hawk Trust. Id. ¶ 2. Plaintiff Vicki L. Pierson is a resident of West Virginia and Co-Trustee of the Red Hawk Trust. Id. ¶ 3.

MVP is a Delaware limited liability company, and none of its members are citizens of West Virginia for purposes of diversity jurisdiction. Id. ¶ 4; Notice of Removal, ECF No. 1, at ¶ 12. EQM is a Delaware limited liability company and not a citizen of West Virginia for purposes of diversity jurisdiction. Am. Compl., ECF No. 44, at ¶ 5; Corporate Disclosure Statement, ECF No. 6-1. Coates is an Oklahoma corporation with a principal office in Oklahoma. Am. Compl., ECF No. 44, at ¶ 6. Regal Coal is a West Virginia corporation with a principal office in West Virginia. Id. ¶ 7. LaRosa is a West Virginia resident and the owner of Regal

MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND [ECF NO. 17]

Coal. Id. ¶ 8; Notice of Removal, ECF No. 1, at ¶ 8. Compass is a corporation organized under the laws of West Virginia, whose principal place of business is in West Virginia. Am. Compl., ECF No. 44, at ¶ 9. Red Hawk asserts that LaRosa was an agent of Compass and acting within the scope of that agency. Id. ¶ 10.

In the spring of 2018, the defendants began construction on a section of the Mountain Valley Pipeline that transects the Property. Id. ¶ 12. The construction took place on an area which is defined in a Pipeline Right of Way and Easement Agreement (the "Easement Agreement") dated January 18, 2018, between Plaintiffs and MVP, which granted MVP a permanent right of way and easement 50 feet in width (the "Easement Area"). Id. ¶ 13. It also granted MVP an additional "Temporary Workspace," which paralleled the Easement Area, solely for use in constructing the pipeline. Id. As a direct result of the defendants' construction operations, the Property has suffered significant and ongoing damage in areas surrounding the Easement Area. Id. ¶ 14. Water runoff and altered drainage patterns from the construction have caused water to concentrate in various areas of the Property. Id. The damage to the Property is ongoing and continuous. Id.

Despite multiple written requests to repair the damage to the Property and take remedial actions, the defendants have refused to do so. Id. ¶ 15. Plaintiffs allege that to date, they have spent

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO REMAND [ECF NO. 17]**

$75,062.09 in repairing the Property and anticipate spending at least an additional $84,132.00 to complete the repairs and take preventative actions. Id. ¶ 16. Plaintiffs allege that they have suffered mental anguish, annoyance, and inconvenience and will continue to suffer until the continuing damage is remediated. Id. Plaintiffs allege that the damages are the proximate result of the actions and inactions of all defendants, acting in concert, in furtherance of a common scheme and purpose, and as agents for one another. Id. ¶ 17. Plaintiffs assert the following causes of action: Trespass (Count One), Private Nuisance (Count Two), Negligence (Count Three), and Breach of Contract (Count Four).

## IV.  DISCUSSION

Defendants argue that Regal Coal and LaRosa, both West Virginia citizens for jurisdictional purposes, were fraudulently joined and, therefore, their citizenship should be disregarded. Alternatively, Defendants argue that Regal Coal and LaRosa are nominal parties. Plaintiffs argue that the notice of removal violates the "Rule of Unanimity" and that Defendants have failed to meet their burden to show that jurisdiction exists.

Given the deferential standard toward Plaintiffs, the Court finds that the motion to remand must be granted. Under West Virginia's notice pleading standard, Defendants have not established that there is "no possibility" of relief against Regal

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO REMAND [ECF NO. 17]**

Coal and LaRosa under West Virginia law. Plaintiffs have at least a "glimmer of hope" of relief against them. Further, since the motion to remand was filed, Compass, another West Virginia citizen, was added as a defendant. The Court makes no prediction as to Plaintiffs' ultimate success on the merits, but because it is possible that Plaintiffs could recover against Regal Coal, LaRosa, and Compass, the Court finds that fraudulent joinder does not exist. Because Plaintiffs, Regal Coal, LaRosa, and Compass are all residents of West Virginia, diversity jurisdiction does not exist. Accordingly, this Court lacks subject matter jurisdiction.[1]

### V.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** the motion to remand [ECF No. 17]. All other pending motions [ECF Nos. 47, 51, 58, 64] are hereby **TERMINATED**. This case is **REMANDED** to the Circuit Court of Braxton County, West Virginia, and **STRICKEN** from this Court's active docket.

It is so **ORDERED.**

---

[1] Because the Court has found that the case should be remanded, it need not address Plaintiffs' Rule of Unanimity argument. To the extent that Defendants argue that Regal Coal and LaRosa are nominal parties, the Court notes that the "nominal party exception" is an exception to Rule of Unanimity. See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 257 (4th Cir. 2013). Accordingly, the Court also need not determine whether Regal Coal and LaRosa are nominal parties.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO REMAND [ECF NO. 17]**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order by email to counsel of record and by mail to the Circuit Clerk of Braxton County, West Virginia.

DATED: March 4, 2025

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA